## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**v.**                                    **Criminal Action No. 2:14-cr-28**

**DUSTIN TURNER,**
      **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Dustin Turner, in person and by counsel, Ailynn Orteza, appeared before me on October 14, 2014. The Government appeared by Assistant United States Attorney Stephen Warner. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as

summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Dustin Turner, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Two of the Indictment and the elements the Government would have to prove, charging him with possession of materials to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and 843(d)(2). The undersigned then reviewed with Defendant the statutory penalties applicable to an individual

adjudicated guilty of the felony charges contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Upon inquiry, Defendant indicated that he understood that his underlying conduct in this case constitutes a violation of his supervised release in Criminal Action No. 1:07-cr-6. Defendant was aware that he could face a separate and distinct penalty in the form of imprisonment for that violation, and that the Government would recommend that any such term run consecutively to any sentence imposed in this matter. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct.     Do you understand that under certain circumstances you or the Government may appeal any sentence that is imposed by the District Judge?

Def.    Yes.

3

Ct.     Do you understand that that right of appeal includes the right to appeal your sentence and how the District Judge arrived at it to the Fourth Circuit Court of Appeals?

Def.    Yes.

Ct.     Do you understand you've got to file that appeal within 14 days of when you are sentenced?

Def.    Yes.

Ct.     Do you understand further that you may file a motion under 28 U.S.C. 2255 collaterally attacking or challenging your sentence and how it's being carried out?

Def.    Yes.

Ct.     Do you understand that provided the District Judge sentence you to a sentence which is within the statutory maximum of 10 years, you give up your right to appeal that sentence and you give up your right to collaterally attack or challenge that sentence and how it's being carried out?

Def.    Yes.

Ct.     The only thing you withhold is the right to file a motion, called a writ of habeas corpus motion, challenging the sentence–the actual sentence–if at some point you determine there is prosecutorial misconduct or ineffective assistance of your legal counsel, is that correct?

Def.    Yes.

Ct.     And as you sit here today, you don't know that and you don't have any information that would tell you there was any prosecutorial misconduct, is that correct?

Def.    Yes.

Ct.     And you've truthfully answered all my questions about your lawyer's performance in your case up to now and you don't know of any ineffective assistance of counsel, is that correct?

Def.    Yes.

Ct.     That's correct that you've truthfully answered my questions?

Def.    Yes.

Ct.     And it's also correct that you don't know of any ineffective assistance of counsel?

Def.    Yes.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the

District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard the testimony of Officer David Parks of the Lewis County, West Virginia, Sheriff's Department. Officer Parks is meth lab-certified. On May 16, 2014, United States Probation Officer Brian Kilgore and members of the Weston Police Department were at Defendant's residence in Weston, West Virginia, for a home visit. Once inside, they located material generally used to manufacture methamphetamine. Officer Parks, being the only meth-lab certified individual in the area, was called to assist. Officer Parks found all the material listed in Count Two, i.e., two pipe cutters, two yellow funnels, four lithium batteries, twenty-four pieces of lithium batteries, two Air Acqua machines, numerous coffee filters, one can of Coleman fuel, three plastic bottle caps with holes in them, two containers of salt, one bottle of Draino Crystal, and one bottle of Liquid Fire Drain Opener, in the lower level of the residence. Defendant resided in that lower level; his parents lived on the first floor of the residence. Defendant's girlfriend resided there as well. Officer Parks did not see any children present. Officer Parks also located two bottles containing debris from manufacturing methamphetamine as well as one bottle containing an active methamphetamine lab.

Defendant made a statement to the other officers that someone else had brought those materials to him. However, there were numerous indications that those products were in Defendant's possession. First, Officer Parks located methamphetamine on night stands on either side of the bed in the lower level. That product field-tested positive for methamphetamine and was sent to the West Virginia state laboratory for further analysis. Furthermore, several of the items were hidden in a computer tower and an unused fireplace. Officers also located fifty-three (53) syringes and thirteen (13) glass pipes. Defendant also had set up a video surveillance system by placing a camera in a birdhouse on the back porch. A monitor to that camera was located in the lower level of the residence. Finally, Defendant's criminal history showed that in 2007, he pleaded guilty in this

Court to a methamphetamine-related offense. Defendant was on supervised release for that conviction on May 16, 2014, and all activity occurred within the Northern District of West Virginia.

Defendant stated he heard, understood officer Parks' testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Officer Parks' testimony.

Thereupon, Defendant, Dustin Turner, with the consent of his counsel, Ailynn Orteza, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Two of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Two; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by Officer Parks' testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal Service pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 13th day of October, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE